IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert F. Anderson, Trustee, in Bankruptcy for Lee Holt Judd,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Carol A. Simpson,<br><br>　　　　　　　Defendant. | Civil Action No. 6:08-3034-GRA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion to dismiss. This is an adversary proceeding in a bankruptcy action. The defendant, who is an attorney licensed to practice law in South Carolina, represents herself. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The plaintiff is the Chapter 7 Trustee in Bankruptcy for debtor Lee Holt Judd ("Judd" or "debtor"). The debtor filed her original petition for relief under Title 11 of the United States Code on May 4, 2006. The plaintiff was appointed as the debtor's Chapter 11 trustee on January 23, 2007. On May 4, 2007, this case was converted to one under Chapter 7; the plaintiff remains as trustee for the estate of the debtor. At all times relevant to the complaint, the defendant was an attorney licensed to practice in the State of South Carolina. Further, at all times relevant to the complaint, the defendant acted as attorney for Judd.

The plaintiff alleges that Judd was a client of the defendant's with regard to a scheme to purchase a number of condominium units in the Florida Keys, with down

payments borrowed from the defendant's friends and family, and to refinance the purchases at a higher amount in order to take cash out of those properties. The plaintiff contends that the scheme to leverage and refinance the Florida condominiums was presented by the defendant to Judd while the two of them had both a social and attorney-client relationship. The plaintiff alleges that at the time Judd was beginning to face a financial crisis because her husband's business was in financial trouble. The plaintiff further alleges this scheme was carried out as to a number of condominium units, but those units were never able to generate sufficient cash flow to carry the mortgage payments. The plaintiff alleges a breach of fiduciary duty cause of action, claiming that the defendant's scheme was at all times financially risky, unsuited for Judd, and the advice for Judd to engage in it constituted a breach of the defendant's fiduciary duty to Judd. The plaintiff also alleges a cause of action for self-dealing, claiming the defendant, in order to protect herself, her family, and her other friends, violated her fiduciary duty to Judd and took a number of actions adverse to the interests of Judd, including diverting monies in her trust account from Judd to the defendant's family and friends, arranging sales from Judd to the defendant's family and friends, recording mortgages on properties where the borrowed funds were to have been unsecured, and other acts to be proved at trial.

The defendant has moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

The plaintiff alleges in the complaint that this adversary proceeding involves both core and non-core claims. In *In re Ranasinghe*, 341 B.R. 556 (E.D.Va. 2006), the

2

United States Bankruptcy Court considered an adversary proceeding by a Chapter 13 debtor to recover from the attorney who had represented her in connection with the acquisition of certain property pre-petition. She alleged claims including legal malpractice. The court explained:

> A "core" proceeding, . . . is one that either arises under the Bankruptcy Code or arises in a bankruptcy case. An action against a party who is not a creditor to recover damages owed to a debtor for a prepetition tort or prepetition breach of contract neither arises under the Bankruptcy Code, nor does it "arise in" the bankruptcy case in the sense that it "would have no existence outside of the bankruptcy." At best, the pleaded causes of action are "related to" the bankruptcy case, in that a recovery may provide funds that could be used to pay creditors.

*Id.* at 561. South Carolina law provides the applicable statute of limitations for the plaintiff's causes of action. *See id.*

The defendant argues that the statute of limitations bars both causes of action. The statute of limitations for legal malpractice and other tort claims is three years. S.C. Code Ann. §§ 15-3-530(5). The defendant states that Judd purchased her first condominium in Florida on December 30, 2004, and her last one on February 25, 2005. According to the defendant, Judd refinanced four of the units, one on June 1, 2005, and three on June 15, 2005. Accordingly, the defendant argues that the alleged scheme to purchase and refinance the units was completed by June 15, 2005. The instant action was filed on September 3, 2008.

The defendant argues:

> Simple logic dictates that [the defendant] would have to have presented the alleged scheme to Judd before she carried it out. Thus, the presentation of the alleged scheme and any actions taken by [the defendant] in carrying out the alleged scheme would have occurred prior to June 15, 2005. Plaintiff filed this action on September 5, 2008[1] - three years, 2 months, and 21 days after the conduct causing any injury was complete.

---

[1] As noted above, the plaintiff's complaint was actually filed on September 3, 2008.

3

(Def. m. to dismiss 3). The defendant contends that, pursuant to South Carolina's discovery rule, Judd knew or should have known, by the exercise of reasonable diligence, that a cause of action existed for the alleged wrongful conduct long before June 15, 2005. *See* S.C. Code Ann. § 15-3-535. She claims that Judd should have known - since the units never produced a positive cash flow - that she would have to provide additional funds to make her mortgage payments. The defendant also claims that Judd borrowed funds for the purchase of the condominiums from the defendant's parents in December 2004, which also should have put Judd on notice. The defendant also contends that if Judd intended to borrow money from anyone on an unsecured basis, she should have been put on notice about a possible cause of action when she executed the mortgages. As to the allegation that she diverted monies in her trust account from the plaintiff to her own family and friends, the defendant contends that Judd stated in a 2004 examination that she had concerns about the disbursements in January 2005, and thus Judd was on inquiry notice at that time.

The plaintiff opposes the motion to dismiss. The plaintiff argues that the defendant's motion to dismiss

> advances a timeline which relies on a number of dates which do not appear on the face of the Complaint and are not supported by affidavit or other sworn testimony. Defendant's motion therefore motion fails whether reviewed as a Rule 12(b)(6) motion to dismiss for failure to state a claim or a Rule 56 Motion for Summary Judgment. Plaintiff Trustee does not consent to the conversion of this motion to one under Rule 56, and therefore does not submit evidentiary material with this memorandum.

(Def. opp. m. to dismiss 1). The plaintiff argues that the allegations of the complaint do not, on their face, admit a statute of limitations defense and that it

> fully expects the evidence to show actions by the Defendant which either independently or as part of a continuous course of action occurred between September, 2005 through the filing of the original petition on May 4, 2006, well within the statute of limitations[,] by which Defendant, among other acts, exerted

4

> control of certain closing disbursements in preference to her
> family and friends over the interests of the Debtor Judd.

(Pl. reply 2). The plaintiff further argues that the defendant's arguments fail to take into account that the Trustee stands in the shoes not only of the debtor, but also of her creditors. *See* 11 U.S.C. § 544. The plaintiff argues, "Even if Defendant were entitled to the conclusions she reaches as to the Debtor Judd, they do not apply to her creditors, whose ability to discover the misconduct of the Defendant did not arise until at least the filing of the petition in the bankruptcy case, in May, 2006" (pl. reply 2).

This court agrees that it is not clear from the face of the complaint that the plaintiff can prove no set of facts that would support its claims within the applicable statute of limitations. Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 27) should be denied at this time.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

July 14, 2009

Greenville, South Carolina

5